## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **AETNA LIFE INSURANCE CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION** |
| | § | |
| **HUMBLE SURGICAL HOSPITAL** | § | **NO. 4:12-cv-1206** |
| **LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## AETNA'S  NOTICE OF HUMBLE'S CONTINUING VIOLATION OF THE PROTECTIVE ORDER AND REQUEST FOR ORAL HEARING

1.     Humble has violated the Court's protective order through the blanket designation of documents as either Confidential or Attorneys' Eyes Only.  More than eighteen months ago, the Court stated that such blanket designation of confidential treatment was inappropriate, Humble bore the burden to determine which documents were appropriately designated as Confidential or Attorneys' Eyes Only, and Humble could not shift that burden to Aetna.  Transcript of Hearing dated November 25, 2013 at 30-40 ("Tr.").   In the ensuing eighteen months, Humble never changed the designation on the documents produced.

2.     Humble recently retained its sixth iteration of lawyers in this case.  Aetna's counsel approached Humble's counsel in an attempt to work out this issue.  *See* Exhibit 1 (Letter from Palermo to Bateman dated May

15, 2015). After two months, Humble has *re-designated* some of the Attorneys' Eyes Only documents as Confidential, but it continues to designate most of its documents, including many ordinary business and marketing documents, as Confidential or Attorneys' Eyes Only. These documents do not warrant such designations.

3.    For example, at the November 25, 2013 hearing, this Court found that a marketing brochure that Humble designated as Attorneys' Eyes Only was not proprietary material and Humble had distributed it to doctors to "get them to join up." *Id.* at 32-33. This document is still marked as Attorneys' Eyes Only. *See* Exhibit 2 (Humble Marketing Brochure re 30% fee split). Based on the Court's comments, Humble should not even have marked the document as Confidential. In addition, Humble continues to mark ordinary business correspondence as Confidential. *See, e.g.,* Exhibit 3 through 5 (various internal Humble email regarding purchase and collection of charge masters). Humble offered to review any other documents Aetna brought to its attention, but this is shifting the burden to Aetna, which the Court previously said was improper. *See* Exhibit 6 (Bateman email to Palermo dated June 25, 2015); Tr. at 35.

4.    Based on Aetna's review of the documents, the only document that is genuinely proprietary with information that Humble could claim is competitive is its contract with Blue Cross and Blue Shield of Texas. But documents that contain financial information, such as general ledger accounts

or financial statements, while Confidential, do not warrant Humble's blanket Attorneys' Eyes Only treatment.  *See, e.g.,* Exhibit 7 (first page of Humble's 2011 general ledger); Exhibit 8 (first page of Humble's 2012 Audited Financial Statement).  Documents reflecting patient identifying information, while also Confidential, do not warrant Attorneys' Eyes Only treatment.  *See, e.g.*, Exhibits 9 & 10 (first page of files regarding Aetna member/patient JM). Blank forms also do not warrant Attorneys' Eyes Only treatment, let alone Confidential treatment.  *See, e.g.*, Exhibits 11 & 12.  And Humble's Private Placement Memos (which Humble has marked inconsistently, some as Attorneys' Eyes Only and some as Confidential), do not warrant such designations since they were used to market ownership in the hospital to investors.  *See, e.g.*, Exhibit 13 (first page of Humble's October 2009 PPM marked as AEO), Exhibit 14 (first page of Humble's May 2010 PPM marked as AEO but subsequently re-designated as "Restricted").[1]

5.     In addition, the Use Agreements, which are Humble's fee-splitting agreements with its referring physicians, are still marked Confidential (Humble removed the Attorneys' Eyes Only designation) even though this Court previously noted that the exact document was in the public domain and that the identities of the parties to the contract were not confidential.  Tr. at

---

[1] Counsel for Humble re-designated Humble's May 2010 PPM to "Restricted" but retained the AEO designation for the October 2009 PPM.  *See* Exhibit 15, Email from Humble's Counsel to Aetna's Counsel, dated June 17, 2015 (listing documents with Bates range covering Humble's October 2009 PPM as documents being re-designated to Restricted only).

HOU:3572945.1

36-37. Aetna requests that Humble be required to properly mark its documents.

6.      As this Court may be aware, Humble is a defendant in very similar litigation with Cigna in a case pending in Judge Hoyt's court, *Connecticut General Life Insurance Co., et al. v. Humble Surgical Hospital, LLC,* No. 4:14-cv-3586, pending in the United States District Court for the Southern District of Texas (Hon. Kenneth Hoyt).  In that case, Humble has refused to produce many of the documents it has produced in this case.  For example, Humble has refused to produce its tax returns, the Summary Revenue Report, unredacted copies of its Use Agreements with its referring physicians, or its in-network contract with Blue Cross and Blue Shield.  *See, e.g.,* Exhibits 16–19.  Counsel for Aetna is also counsel for Cigna in the other matter.  Because these documents are marked as Confidential or Attorneys' Eyes Only, they cannot be used in any other matter.  Counsel for Aetna and Cigna requests permission to show Judge Hoyt these and others documents marked as Confidential or Attorneys' Eyes Only as part of Cigna's motion to compel production of the same documents in the *Cigna* case pending before Judge Hoyt.

7.      Likewise, Aetna has litigation in state court pending against two of Humble's owner/physicians.  *Aetna Health Inc. v. Michael I. Blackwell, et al.,* No. 2013-76814, pending in the 152nd Judicial District Court of Harris County, Texas (Hon. Robert Schaffer). Aetna has requested production of

– 4 –

documents from those defendants of many of Humble's documents produced in this case but that are also relevant to that dispute.   The physicians have objected to producing responsive documents, in part on the basis that the documents are more easily obtainable from Humble.   *See, e.g.,* Exhibit 20 (highlighted excerpts Defendants' Response to Aetna's Requests for Production).   Aetna seeks an order from this Court allowing Aetna to use the relevant documents from this litigation in the pending state court case.

8.      Finally, Aetna requests that the Court hold a status conference so that these discovery issues may be addressed and so that Aetna can argue the pending motions and cross motion for summary judgment as will be helpful to the Court.   *See* Dkts# 112, 129 & 217.

Respectfully submitted,

**ANDREWS KURTH LLP**

By:  *s/ John B. Shely*
**John B. Shely**
State Bar No. 18215300
Southern District No. 7544
**Dena Palermo**
State Bar No. 08928830
Southern District No. 6082
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4105 (JBS)
(713) 220-3846 (DP)
jshely@andrewskurth.com
dpalermo@andrewskurth.com

**ATTORNEYS FOR PLAINTIFF
AETNA LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

On July 14, 2015, the foregoing document was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Dena Palermo*
Dena Palermo

HOU:3572945.1