UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AETNA LIFE INSURANCE CO., § | | JURY DEMANDED |
| *Plaintiff,* § | | |
| § | | |
| VS. § | | CA NO.: 4:12-cv-1206 |
| § | | |
| HUMBLE SURGICAL HOSPITAL, LLC, § | | |
| *Defendant.* § | | |

**DEFENDANT, HUMBLE SURGICAL HOSPITAL, LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY SUPPORTING SUMMARY JUDGMENT [dkt. 250] AND RESPONSE TO NOTICE OF ANOTHER ALLEGED FRAUD BY HUMBLE'S CEO AND OWNER [dkt. 251] AND MOTION TO STRIKE**

Defendant, Humble Surgical Hospital, LLC, ("HSH") files this Response to Plaintiff's Notice of Additional Authority Supporting Summary Judgment [Dkt. 250] and Notice of Another Alleged Fraud by Humble's CEO and Owner [Dkt. 251] and Motion to Strike.

### I.   SUMMARY

Aetna's citation of *North Cypress Medical Center Operating Co., et al. v. Cigna Healthcare, et al.*, 781 F.3d 182 (5th Cir. 2015) as precedent favorable to its position this matter is disingenuous at best, because the Fifth Circuit has approved HSH's business decision not to collect the full co-insurance amount from a patient or to allow a patient a prompt payment discount.  Really, Aetna cites the *North Cypress* case for one proposition; the Court should rule on this summary judgment based on the "fully developed record." Aetna's Notice of Additional Authority Supporting Summary Judgment [dkt. 250] at 1.  However, even this sound bite from the Fifth Circuit's

opinion does not support a grant of summary judgment to Aetna. Rather, a closer look at the opinion shows that the record in this case is not fully developed, and summary judgment at this juncture is inappropriate.

Additionally, Aetna's inclusion of a pleading from Cause No. 4:12-cv-00480; *United States ex rel. Michael Sorensen v. Outreach Diagnostic Clinic, LLP, et al.*; in the United States District Court for the Southern District of Texas, Houston Division, [dkt. 251] provides the Court with no additional admissible summary judgment evidence, and the allegations in that lawsuit cannot form any part of the Court's ruling in this suit.

## II. AUTHORITY

### A. *Response to Plaintiff's Notice Of Additional Authority Supporting Summary Judgment*

First, the "fully developed record" discussed by the Fifth Circuit Court, the only stated reason Aetna cites *North Cypress*, is a procedural statement inapplicable to Aetna's position. Specifically, the Fifth Circuit states "[w]e vacate and remand to allow the district court a full opportunity to consider all of North Cypress's claims for underpayment of benefits and its other closely related ERISA claims with a fully developed record, including claims that Cigna breached duties owed its insureds under ERISA." *N. Cypress Med. Ctr. Operating Co.*, 781 F.3d at 197. If this statement means anything, it means that CIGNA must prove for **each** plan that patient payment of the co-insurance amount was a pre-condition for coverage by Aetna. The summary judgment record shows that Aetna has not met this burden. This "additional

authority" demonstrates that Aetna does not deserve summary judgment on its overpayment claims.

Yet, the *North Cypress* opinion actually shows that Aetna's overpayment claims may not be meritorious, and HSH's claims are. Specifically, the Fifth Circuit court ruled that an out-of-network provider, like HSH, had standing to bring ERISA claims against an insurer, like Aetna, for denying coverage to patients who were not charged or "billed" for their copays or coinsurance by out-of-network providers. *See Id.* at 195. The 5th Circuit Court remanded the case to the District Court for further proceedings and briefing on whether Cigna can bring both ERISA claims and state law breach of contract claims, or whether the state law claims are pre-empted. *Id.* at 197. However, the Court explained that whether CIGNA violated ERISA, for similar actions as this suit, was an open question, whose answer depended upon further proceedings to determine whether ordinary plan members who read that "payment for the following is specifically excluded from this plan: . . . charges for which you are not obligated to pay or for which you are not billed," would understand that they have no insurance coverage if they are not charged for coinsurance. *Id.* at 196. "That is, would a plan member understand the language to condition coverage on the collection of coinsurance, rather than simply describing the fact that the insurance does not cover all of a patient's costs." *Id.* While the Court notes that there are "strong arguments" that Cigna's plan interpretation is not "legally correct," it could not reach a legal conclusion, because a remand for further proceedings was necessary. *Id.* at

197. Thus, the "additional authority" cannot fairly be read to support a grant of summary judgment for Aetna, but may actually support HSH on its counterclaims.

### B. Response to Notice of Alleged Fraud and Motion to Strike Document from Summary Judgment Record

Additionally, Aetna filed a Law360 article and the United State' Amended Complaint in Intervention from Cause No. 4:12-cv-00480; *United States ex rel. Michael Sorensen v. Outreach Diagnostic Clinic, LLP, et al.*, another case before this Court. (Exhibits A and B). Aetna is trying to add to the summary judgment record this pleading as some evidence that HSH is acting in conformity with the alleged conduct of the *Sorensen* defendants. Yet, the article and the pleading are not proper summary judgment evidence at all because it is a pleading, not evidence, and an article summarizing the pleading. FED. R. CIV. P. 56(c)(1)(A); *See e.g. Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). More importantly, the contents of the pleading would not be admissible at trial against HSH to prove actions in conformity with these allegations, which is Aetna's sole reason here. *See* FED. R. EVID. 404(b); FED. R. EVID. 608; FED. R. CIV. P. 56(c)(1)(A); *Celotex v. Catrett*, 477 US 317, 324 (1986); FED. R. EVID. 801. Therefore, the Court should disregard the *Sorensen* pleadings and summary article in its evaluation of the competing Motions for Summary Judgment, and the Court should strike the pleading and article from the summary judgment record.

### III.   CONCLUSION

**THEREFORE**, **PREMISES CONSIDERED**, Defendant, **HUMBLE SURGICAL HOSPITAL, LLC,** prays that the Court deny the Plaintiff's Motion for Judgment on Overpayment; that the Court strike and for all other relief to which it shows itself justly entitled.

Respectfully submitted,

BATEMAN|PUGH|CHAMBERS, P.L.L.C.

By:   */s/ Adam Brett Chambers*
ROBERT H. BATEMAN
   SBOT #01899500, FBN: 7171
ADAM B. CHAMBERS
   SBOT #24036345, FBN: 602418
1811 Bering Drive, Suite 420
Houston, Texas 77057
Phone: (713) 609-7700
Fax: (713) 609-7777
rhb@bpattorneys.com
abc@bpattorneys.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was filed sent to all counsel of record by hand delivery, facsimile, and/or by certified mail, return receipt requested on the 20th day of July, 2015.

***Via Facsimile: (713) 220-4285***
Mr. John B. Shely
Ms. Dena Palermo
ANDREWS KURTH, LLP
600 Travis, Suite 4200
Houston, TX 77002
***Attorneys for Plaintiff***


                                      */s/ Adam Brett Chambers*
                                  ROBERT H. BATEMAN