UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AETNA LIFE INSURANCE CO., § | | JURY DEMANDED |
| *Plaintiff,* § | | |
| § | | |
| VS. § | | CA NO.: 4:12-cv-1206 |
| § | | |
| HUMBLE SURGICAL HOSPITAL, LLC, § | | |
| *Defendant.* § | | |

**DEFENDANT, HUMBLE SURGICAL HOSPITAL, LLC'S
MOTION TO STAY ORDER ON PROTECTION**

Defendant, Humble Surgical Hospital, LLC, ("HSH") respectfully requests the Court to stay its Order on Protection filed July 15, 2015 [dkt. 255], pursuant to FED. R. CIV. P. 62(c):

### I. SUMMARY

On July 15, 2015, the Court issued an Order on Protection in which it completely overruled **all** of HSH's "Restricted" and "Attorney's Only" document designations applicable to discovery. *See* Order on Protection [dkt. 255] at 1. Every single document produced by HSH is now available for public dissemination and distribution by the parties, **even though the Plaintiff agreed in its July 14, 2015 "Notice" that certain significant categories of discovery are in fact appropriately designated as confidential**. [dkt. 252]. Documents now unprotected include, among many other types, medical treatment records and medical billing records of individual third-parties not involved in this suit (these are subject to protection

under the Health Insurance Portability and Accountability Act of 1996); HSH's detailed financial records, HSH's general ledger (showing every transaction of every kind) and HSH's bank account information (showing account location, amounts of deposits, and account numbers); and HSH's contracts with other health insurers (which themselves contain covenants that reasonably support a confidentiality designation).

HSH intends to file a petition for writ of mandamus and requests a stay of this Court's order pending resolution of the mandamus proceeding. A stay is necessary because: HSH will be irreparably injured in the absence of a stay; the stay will not substantially injure Plaintiff Aetna Life Insurance Company ("Aetna"); HSH is likely to succeed in the merits of its mandamus; and public interest favors a stay. The Court's Order on Protection of July 15, 2015 [dkt. 254] provides Aetna with relief substantially greater than it requested, and the breadth of the order makes documents that the parties have agreed should be treated as "Restricted" or "Attorney's Only" completely unprotected, including medical treatment records and medical billing records of third parties that are undisputedly protected by the Health Insurance Portability and Accountability Act of 1996, as well as HSH's detailed financial information.

## II.     ARGUMENT AND AUTHORITY

A district court's jurisdiction is not interrupted when a party files a petition for writ of mandamus. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995). This necessitates filing a motion to stay if a party wants to halt proceedings

in the district court pending resolution of a petition for writ of mandamus. *Id.* A stay pending appeal "simply suspends judicial alteration of the status quo." *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 429, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)). A court may grant a stay pending resolution of a mandamus, and the courts consider four factors in determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) [whether] public interest [favors a stay]." *See Weingarten Realty Investors v. Miller,* 661 F.3d 904, 910 (5th Cir. 2011). Here, all four factors support a stay.

A.    *HSH is likely to succeed on the merits.*

HSH is likely to succeed on the merits of its mandamus petition because the Court's order exceeded the relief Aetna requested in its "Notice," the order was overly broad in its complete nullification of all "Restricted" and "Attorney's Only" designations, and the Court's order removes protection from numerous documents that are protected by law and which the parties agreed were properly designated as "Restricted."

For example, the Court's order removes all confidentiality protections for patient identifying information. The Health Insurance Portability and Accountability Act (HIPAA) protects the privacy of a patient's medical records. *See* 42 U.S.C. § 1320d–1(a)(3). HIPAA generally provides for confidentiality of medical

records. 42 U.S.C. §§ 1320d–1 to d–7. One of Congress's objectives in enacting HIPAA was to address concerns about the confidentiality of patients' individually identifiable health information. *See* Pub.L. No. 104–191, § 264, 110 Stat. 1936. *See also S.C. Med. Ass'n v. Thompson*, 327 F.3d 346, 348, 354 (4th Cir. 2003). To that end, Congress provided for the Secretary of Health and Human Services to promulgate privacy regulations addressing individuals' rights to individually identifiable health information, procedures for exercising such rights, and the uses and disclosures of such information. Pub.L. No. 104–191, § 264(b) & (c)(1); S.C. Med. Ass'n, 327 F.3d at 349.

This Court's order is inconsistent with the language and intent of HIPAA. "Individually identifiable medical information cannot be disclosed by covered entities without the consent of the individual unless disclosure was expressly permitted by HIPAA. 45 C.F.R. § 164.502." *United States v. Zamora*, 408 F. Supp. 2d 295, 297 (S.D. Tex. 2006). None of the exceptions apply to make these records generally available to the public. *Id.*

Although the Court's Order does not call itself a sanction, it is clear that the relief provided to Aetna is an unrequested sanction for alleged discovery abuse. Yet, the Court makes no reference to, and is not guided in any way by, the applicable legal standards for a discovery sanction. While FED. R. CIV. P. 37(b) empowers the courts to impose sanctions for failures to obey discovery orders, and it gives the district court broad discretion under to fashion remedies suited to the misconduct, the discretion is not unlimited. FED. R. CIV. P. 37(b); *see Pressey v.*

4

*Patterson,* 898 F.2d 1018, 1021 (5th Cir.1990); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 488-89 (5th Cir. 2012). "Under both Rule 37(b) ... a court must apply its sanction power in order to do justice" … but they should not be arbitrary," and "the punishment should fit the crime." *B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415-16 (5th Cir. 1964); *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981).

Here, the Court's order makes public a very large number of documents, including scores of documents that both parties agree warrant at least some protection, including patient identifying information, detailed financial information and information that provides Aetna (or third parties) with a competitive advantage.[1] Yet, the Court's blanket order removes all distinction between documents for which Aetna raised a complaint and those where no complaint was raised, between documents where the parties agree some protection is warranted and where a legitimate dispute exists.

B.  *Irreparable harm to HSH and third parties interested in the litigation.*

HSH, and other interested third parties, including patients, will be irreparably harmed absent a stay, because HIPAA-protected medical records and bills, HSH's financial records, and contracts with Aetna's competitors will be treated as publicly available documents. The Court's July 15, 2015, order removed all protection for **every** document exchanged in discovery by HSH, including specific documents that both parties agree clearly warrant "Restricted" or "Attorney's Only"

---

[1] *See* Aetna's Notice of Humble's Continuing Violation of the Protective Order and Request for Oral Hearing [dkt. 252] at p.2-3, ¶4.

treatment. These documents include medical treatment records and medical billing records of patients who received care at HSH, but who are not involved in this lawsuit. They are not present to assert their interest protecting their private medical information pursuant to Health Insurance Portability and Accountability Act of 1996, 42 USC §1320d-6, *et seq*. At the very least, these protected records warrant treatment as "Restricted" documents, and these patients will be harmed if a stay is not granted.

Additionally, the Court's Order makes public all of HSH's financial documents, including its General Ledger, showing **every** transaction throughout its entire history (including payments to every vendor and employee), and its bank account statements (containing information about the location of all of its accounts, the amount of money in its accounts, and its account numbers). This kind of information is routinely treated as confidential, and Aetna agrees that these documents warrant "Restricted" treatment.[2] *StoneEagle Services, Inc. v. Gillman*, 2013 WL 6008209 at *2 (N.D. Tex November 13, 2013) (quoting *Homevestors of Am., Inc. v. LeGate*, 2013 WL 3348948, at *5 (N.D. Tex. July 3, 2013) ("The Court is mindful that sensitive information may be contained in HBN's balance sheets and profit and loss statements. Therefore, the Court orders that all financial documents produced by HBN shall be treated as confidential and governed by the Protective Order....").

---

[2] Aetna's Notice of Humble's Continuing Violation of the Protective Order and Request for Oral Hearing [dkt. 252] at p.2-3, ¶4.

Courts have authority to limit the disclosure or use of commercially sensitive information, as this Court exercised by way of its Order Protecting Confidentiality [dkt. 7]. *See* FED. R. CIV. P. 26(c)(1)(G). Understandably, courts avoid unnecessary disclosure of such information, particularly when competive or sensitive information is at issue and may become available to a party's competitors. *Apple, Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1223-1228 (Fed. Cir. 2013) (district court abused its discretion in refusing to seal parties' confidential financial information, and abused discretion in refusing to seal market reports). *See A. H. Robins Co. v. Fadely*, 299 F.2d 557, 561 (5th Cir. 1962). Indeed, that especially sensitive information could be made available to a party's competitor warrants a heightened level of protection, such as "attorneys' eyes only" designations. *See Martinez v. City of Ogden*, No. 1:08–CV–00087, 2009 WL 424785, at *2 (D. Utah Feb. 18, 2009) ("Attorney's-eyes-only protection is usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor."); *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Bottling Group, L.L.C.*, No. 07-2315-JAR, 2008 WL 234326, at *4 (D. Kan. Jan. 28, 2008) (ordering financial information be designated as attorneys eyes only); *Netquote, Inc. v. Byrd*, No. 07-cv-00630-DME-MEH, 2007 WL 2438947, at *1, 4 (D. Colo. Aug. 23, 2007); *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 242 F.R.D. 574, 576 (W.D. Wash. 2007); *Gaymar Indus., Inc. v. Cloud Nine, LLC*, No. 1:06 CV 62 TC, 2007 WL 582948, at *3-4 (D. Utah Feb. 20, 2007); *Blanchard and Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *2, 15 (E.D. La. April 5, 2004).

Courts have recognized that confidentiality, and in some cases attorneys-only, protection is warranted for financial information such as net worth statements, account balances, activity for investment accounts, statements reflecting the account number and balance of any loans or indebtedness, and IRS tax returns. *Fieldturf Int'l, Inc. v. Triexe Mgmt. Grp., Inc.*, No. 03–CV–3512, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004) (protecting confidentiality designation for financial documents). *See also Fair Hous. Council of Cent. California, Inc. v. Nunez*, 1:10CV02073, 2011 WL 5320981 (E.D. Cal. Nov. 3, 2011). Additionally, this Court has previously observed that documents revealing how a company does business generally, including employee guidance and pricing strategy qualifies for such heightened protection. *Sanchez v. Property and Cas.*, No. H-09-1736, 2010 WL 107606, at *2 (S.D. Tex. 2010). In implicit recognition of these principles, even Plaintiff's motion did not seek to remove all "Restricted" designations from all documents produced by HSH.

Finally, as Aetna also agreed, HSH's contract with BCBS warrants "Attorney's Only" treatment because disclosure to Aetna itself would give Aetna confidential information about a deal struck between HSH and one of Aetna's business competitors. The parties agree that the contents of the contract contain proprietary information, and giving Aetna this information gives it a competitive advantage outside this litigation.

C.   *Aetna will not be harmed by a stay.*

Aetna will not be harmed by a stay because all documents produced are still available for use in discovery and preparation for trial. The only thing that Aetna cannot do, if a stay is granted, is publicly disseminate discovery documents. Imposing a stay of the order will not prejudice Aetna's ability to conduct discovery or prepare for trial. Additionally, since a stay will not prevent Aetna's counsel from using all of the discovery materials exchanged in discovery, Aetna is not harmed by a stay pending the mandamus. Finally, Aetna is not harmed during a stay because it will not incur any additional damages during the stay. *See Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 762 (S.D. Tex. 2010). These two companies are not direct competitors, even though HSH continues to treat Aetna insureds. Aetna has stopped paying all claims submitted by HSH. Therefore, the stay will not prejudice Aetna. If anything, delay prejudices HSH, because while this litigation is pending Aetna wrongfully refuses to compensate HSH for services rendered to its insureds.

D.   *The public interest strongly favors a stay of the order.*

The public interest strongly favors a stay of this Court's July 15, 2015 Order because, once the documents are disclosed, it will be impossible to restore the confidentiality of the third-parties' medical treatment records or HSH's financial records, among the many other records implicated by the Court's order. Simply put, the bell cannot be un-rung. A similar situation was addressed in *Project Vote/Voting for Am., Inc. v. Long*, 275 F.R.D. 473, 475 (E.D. Va. 2011). There, the

Eastern District of Virginia Court held that the public interest strongly favored a stay, because "without a stay officials would be unable to restore confidentiality to any personal information redacted from released applications in event that judgment was reversed." *Id*. Here, once the confidentiality of the documents has been removed, it cannot be restored, and confidential health information about third-parties not involved in this suit (including also their social security numbers) will be open to the public. Therefore, the public interest warrants a stay.

### III.  PRAYER

**THEREFORE**, Defendant, **HUMBLE SURGICAL HOSPITAL, LLC,** prays that the Court grant it a stay of this Court's July 15, 2015 Order on Protection pending the outcome of its Writ of Mandamus, and for all other relief to which it shows itself justly entitled.

Respectfully submitted,

BATEMAN | PUGH | CHAMBERS, P.L.L.C.

By:   /s/  Robert H. Bateman
ROBERT H. BATEMAN
    SBOT #01899500, FBN: 7171
ADAM B. CHAMBERS
    SBOT #24036345, FBN: 602418
1811 Bering Drive, Suite 420
Houston, Texas 77057
Phone: (713) 609-7700
Fax: (713) 609-7777
rhb@bpattorneys.com
abc@bpattorneys.com

        Chamberlain, Hrdlicka, White, Williams & Aughtry

        By:   /s/ Kevin D. Jewell
        KEVIN JEWELL
        SBOT # 00787769
        1200 Smith Street, 14th Floor
        Houston, TX 77002-4310
        Phone: (713) 658-1818
        Fax: (713) 658-2553
        kevin.jewell@chamberlainlaw.com

        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed sent to all counsel of record by hand delivery, facsimile, and/or by certified mail, return receipt requested on the 21st day of July, 2015.

*Via Facsimile: (713) 220-4285*
Mr. John B. Shely
Ms. Dena Palermo
ANDREWS KURTH, LLP
600 Travis, Suite 4200
Houston, TX 77002
*Attorneys for Plaintiff*

        */s/ Robert H. Bateman*
        ROBERT H. BATEMAN