IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AETNA LIFE INSURANCE CO., § | | |
| § | | JURY DEMANDED |
| Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL ACTION |
| § | | |
| HUMBLE SURGICAL HOSPITAL § | | NO. 4:12-cv-1206 |
| LLC, § | | |
| § | | |
| Defendant. § | | |

## AETNA'S RESPONSE TO MOTION TO STAY

Humble's motion for a stay (Dkt#257) of this Court's Order on Protection ("Order") (Dkt#255) pending its writ of mandamus to the Court of Appeals should be denied because the Order is an appropriate sanction for its continued violation of this Court's orders on discovery that has spanned nearly two and a half years.

As the Court has repeatedly observed, Humble's production of relevant documents has been marked by "recalcitrance." *See, e.g.,* Dkt#114; Transcript of Hearing on June 4, 2013 at 22 & 64; Transcript of Hearing on October 24, 2013 at 33; Transcript of Hearing on November 25, 2013 at 14, 38. In fact, this Court has held nine discovery hearings, two show cause hearings,[1] and issued eleven discovery orders,

---

[1] Hearings were held on July 9, 2012, August 3, 2012, August 15, 2012, September 17, 2012, October 17, 2012, November 8, 2012, November 29, 2012, June 4, 2013, October 24, 2013 (show cause hearing), November 25 & 26, 2013, January 3 & 7, 2014 (show cause hearing). A Court ordered deposition of Humble's CFO was held in the Court's jury room on October 25, 2013.

directing Humble to produce documents.[2] While resisting Court-ordered discovery, Humble changed counsel six times.[3] At the ninth discovery hearing on this case, the Court schooled Humble's fourth set of lawyers on Humble's duty to follow its oral orders as well as its written orders. *See* Transcript of Hearing on October 24, 2013 at 28 through 29.

    Humble's refusal to properly designate its documents in accordance with the Court's Order Protecting Confidentiality (Dkt#7) is just another example of its refusal to follow this Court's orders and the instructions given from the bench during the hearing held on November 25, 2013. Transcript of Hearing on November 25, 2013 at 30-40. Virtually all of the documents Humble produced pursuant to the Court's order on October 25, 2013 after the show cause hearing were marked "Attorneys' Only." Aetna requested that Humble properly designate its documents. *See* Dkt#166-3. Instead, Humble filed a motion seeking relief against Aetna for its use of information contained in Humble's fee-splitting agreements with its referring doctors. Dkt#166.[4]

---

[2] *See* Dkts# 2, 9, 40, 48, 56, 61, 67, 78, 93, 108, and 114.

[3] Humble's counsel were the following: (1) Bruce Blefeld at Jackson Walker, (2) Marie Yeates at Vinson & Elkins for the appeal/mandamus, (3) Chip Babcock at Jackson Walker, (4) Brian Melton at Susman, (5) Jack O'Neill at Pierce O'Neill, and (6) current counsel Robert Bateman at Bateman Pugh.

[4] In that motion, Humble claimed that Aetna had violated the Court's protective order by sending letters to in-network doctors and posting on its internal website, informing doctors and patients of Humble's improper actions regarding fee-splitting for the referral of patients. Dkt#166. The Court denied Humble the requested relief, finding that Aetna had not violated the protective order and had a right to use the information learned in discovery about Humble's splitting of facility fees with its referring physicians. Dkt#177.

During a two day hearing on Humble's motion, Aetna raised the fact that Humble had improperly designated virtually all of the documents it had produced since June 2013 as "Attorneys' Only." Transcript of Hearing on November 25, 2013 at 32. The Court specifically found that Humble had violated the confidentiality order. *Id.* at 35. The Court instructed Humble that it could not "reverse the burden of going through the records and figuring out which ones were what and just stamping them all" as attorneys' only, shifting the burden to Aetna to determine which documents were improperly designated. *Id.* at 35-41.

In the next eighteen months, Humble did not correct its improper designations. When Humble's sixth set of lawyers appeared in the case, Aetna referred him to the transcript from the November 25, 2013 hearing and requested that he properly re-designate Humble's production. Dkt#253-1. Humble's new counsel may not have made himself familiar with all of the transcripts of the hearing in this case, but as the Court informed Humble's fourth set of lawyers, "We're not starting over," "We can't start over" just because Humble has hired new counsel. Transcript of Hearing on June 4, 2013 at 31, 64; *accord* Dkt#108 (court order regarding substitution of second set of counsel "No delay will be countenanced because of this change."). However, Humble's motion attempts to do just that, only describing new counsel's efforts since May without reference to Humble's recalcitrance before his appearance.

## I.
## HUMBLE'S MEAGER ATTEMPT AT COMPLIANCE WARRANTS THE IMPOSITION OF SANCTIONS

Humble's conduct over the last three years of litigation demonstrates that it will not fully comply with this Court's orders,

– 3 –

regardless of the subject matter or scope of the order. Humble's actions in refusing to properly designate its production in a timely fashion, after repeated warnings from the Court, warrants the imposition of sanctions.

This Court would not be the first to impose sanctions for conduct similar to Humble. "Under the federal rules, the burden does not fall on the plaintiff to learn whether, how and where defendant keeps relevant documents.'" *Met. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Restaurant Employees Int'l Union, Inc.,* 212 F.R.D. 178, 221 (S.D.N.Y. 2003). Moreover, counsel has "an affirmative duty" to "make a reasonable inquiry into the basis of their discovery responses and to stop and think about the legitimacy of those responses." *Id.* (entering judgment of liability and awarding attorneys' fees as a sanction for discovery abuse).

Humble's delay tactics forced Aetna to file more than a dozen notices of Humble's failure to comply with this Court's discovery orders.[5] After more than a year of delays in production, this Court found Humble's production was "too late and too disorganized, and the presentation of Humble's status was impossibly empty; none of it rehabilitates Humble for its recalcitrance." Dkt#114 at ¶4.[6] "Courts are too overburdened with heavy caseloads and backlogs to be taxed by parties engaging in uncooperative, dilatory, and obstructionist litigation

---

[5] *See, e.g.,* Dkts# 81, 83, 107, 110, 134, 127, 139, 156, 182, 187, 200, and 252.

[6] Humble appealed this Court's arbitration order and filed a petition for writ of mandamus regarding the Court's discovery order. During the argument before the Fifth Circuit, Humble represented on the record that its production was complete. Dkt#107-2; *accord* Dkt#127-1 (chart of Humble's representations of compliance with the Court's production orders). After the Fifth Circuit denied Humble's appeal and motion, Dkt#93, Humble immediately began producing documents it had withheld from production. Dkt#127-3.

tactics, or similar stratagems designed to increase the litigation expenses of the opposing party. The risks for engaging in such conduct must be substantial in order to act as an effective deterrent." *THK Am., Inc. v. NSK Co., Ltd.,* 157 F.R.D. 637, 647 (N.D. Ill. 1993). In *THK,* the court found that the defendants had been over-designating documents as "Attorney's Eyes Only" in bad faith, and, as a sanction, ordered them to de-designate all of the "Attorney's Eyes Only" documents and re-classify them as either "Confidential" or "Non-confidential." *Id.* ("For defendants there is no longer any 'Attorney's Eyes Only' classification. They have lost the right to use the category.").[7]

Humble's complaint that the Court's order allows its confidential information to be in the public domain is without merit. It should have properly designated its documents in the first instance, but certainly shortly after the November 25, 2013 hearing. Moreover, other than

---

[7] *See also In re Ullico Inc. Litig.,* 237 F.R.D. 314, 317–19 (D.D.C. 2006) (sanctioning party for acting in bad faith in designating documents as "confidential" by requiring party to remove "confidential" designation and re-label all documents in good faith, and requiring party to pay the other party's reasonable expenses in moving to enforce compliance with protective order); *Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866 (JMF), 2014 WL 4100615, at **21–22 (S.D.N.Y. Aug. 20, 2014) (sanctioning defendant for improperly designating documents as "Attorney's Eyes Only" by requiring them to re-designate the documents as "Confidential" and pay plaintiff's fees and costs for bringing the motion for sanctions). "Courts should not and cannot permit delays occasioned by irresponsible acts and attitudes towards the judicial process and its rules of procedure." *535 Broadway Assocs. v. Commercial Corp. of Am.*, 159 B.R. 403, 408–10 (S.D.N.Y. 1993) (Sotomayor, J.) (finding that "contemptuous withholding of discovery" for more than a year was "inherently prejudicial" to a party, "which has suffered the expense and inconvenience of a lawsuit it has been unable to litigate solely because [the opposing party] has not deemed it necessary or convenient to comply with [party's] requests or this Court's orders," and that dismissal with prejudice was appropriate sanction).

patient information, Aetna has not agreed that any documents are properly designated as confidential, but noted that some categories were arguably confidential. Dkt#252 at 3. The Court's Order Clarifying Protection resolves any issue regarding the continued confidentiality of patient information. Dkt#258. The sanctions are appropriately tailored to address the wrong Humble committed. The Court did not impose the most severe sanctions that it has considered at the prior show cause hearings. *See* Dkts#147 & 150 (contempt), Dkt#183 (striking pleadings); *e.g., American Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, No. 04-CV-1798 (CPS), 2009 WL 1617773, at **14 (E.D.N.Y. June 9, 2009) (finding the plaintiff's failure to disclose documents during discovery was sanctionable because it was neither substantially justified nor harmless, and an order precluding the plaintiff from using this new evidence was "among the least severe" sanctions available).

Humble's continued discovery violations are not harmless. Aetna has been prejudiced by being forced to spend months learning about the documents requested and repeatedly seeking the Court's assistance. Humble's recalcitrance "has hindered the efficient management of the pretrial process with which the court is charged under Rule 16 and has delayed resolution of this action on its merits." *Tarlton v. Cumberland County Correctional Facility,* 192 F.R.D. 165, 170 (D.N.J. 2000) (sanctioning defendants who "repeatedly represented to the court that they had produced all of the relevant consultation cover sheets that they had" but then subsequently produced additional cover sheets).

As this Court noted during the June 4 hearing and as the law supports, this Court may enter the appropriate sanctions for Humble's

– 6 –

continued violation of this Court's production Orders. Transcript of Hearing on June 4, 2013 at 38-40 (recognizing that the Court could strike Humble's answer for attempting to shift the cost of complying with the discovery order to Aetna). Because the Court has entered an appropriate sanction, and Humble is not likely to obtain relief from the Fifth Circuit, Humble's motion for stay should be denied.

Respectfully submitted,

**ANDREWS KURTH LLP**

By: *s/ John B. Shely*
    **John B. Shely**
    State Bar No. 18215300
    Southern District No. 7544
    **Dena Palermo**
    State Bar No. 08928830
    Southern District No. 6082
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4105 (JBS)
    (713) 220-3846 (DP)
    jshely@andrewskurth.com
    dpalermo@andrewskurth.com

**ATTORNEYS FOR PLAINTIFF AETNA LIFE INSURANCE COMPANY**

– 8 –

**CERTIFICATE OF SERVICE**

      On July 30, 2015, the foregoing document was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      *s/ Dena Palermo*
      Dena Palermo