## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **AETNA LIFE INSURANCE CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:12-cv-1206** |
| | § | |
| **HUMBLE SURGICAL HOSPITAL LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ANSWER TO DEFENDANT'S
## FIRST AMENDED COUNTERCLAIMS

Plaintiff Aetna Life Insurance Company ("Aetna" or "Plaintiff") files this Answer to Defendant Humble Surgical Hospital, LLC's ("Humble" or "Defendant") "First Amended"[1] Counterclaims ("Counterclaim").

## I. ANSWER

1.      Aetna admits that Humble is a Texas limited liability company doing business in Harris County, Texas. No response is required for legal assertions contained in paragraph 1 of the Counterclaim. In all other respects, Aetna denies the allegations in paragraph 1 of the Counterclaim.

2.      Aetna admits the allegations contained in paragraph 2 of the Counterclaim.

3.      Aetna admits that this Court has jurisdiction over this matter and that Aetna has appeared in this action. Aetna denies it is liable for any of Humble's alleged claims, and otherwise denies the allegations in paragraph 3 of the Counterclaim.

---

[1]      Though styled as a "First Amended" Counterclaim, Humble's First Amended Counterclaim (Dkt. 277) is the first Counterclaim asserted by Humble in this lawsuit.

4.      Aetna admits that this Court has subject matter jurisdiction over this matter but otherwise denies the allegations in paragraph 4 of the Counterclaim.

5.      Aetna admits that this Court has subject matter jurisdiction over this matter but otherwise denies the allegations in paragraph 5 of the Counterclaim.

6.      Aetna admits that this Court has subject matter jurisdiction over this matter but otherwise denies the allegations in paragraph 6 of the Counterclaim.

7.      Aetna admits that this Court has subject matter jurisdiction over this matter but otherwise denies the allegations in paragraph 7 of the Counterclaim.

8.      Aetna admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division, but otherwise denies the allegations in paragraph 8 of the Counterclaim.

9.      With respect to the allegations in paragraph 9 of the Counterclaim, Aetna admits that Humble characterizes its claims as arising under ERISA and state law. Aetna further admits that (1) certain Aetna entities offer healthcare coverage through various insured or self-funded products made available to employers and employer groups, and (2) Aetna provides certain administrative services to plan sponsors offering such benefit plans to employees and their dependents. Aetna further admits that certain healthcare plans at issue provide out-of-network benefits to eligible plan members, and that Humble is an out-of-network provider. Aetna further admits that it reimburses medical providers for covered medical services provided to eligible Aetna plan members pursuant to the terms of the applicable healthcare plans, which speak for themselves. In all other respects, Aetna denies the allegations in paragraph 9 of the Counterclaim.

10.     With respect to the allegations contained in paragraph 10 of the Counterclaim, Aetna admits that the healthcare plans at issue provide certain medical benefits to eligible plan members, as reflected in the terms of the applicable plans. Aetna further admits that Aetna members typically pay a portion of the cost for medical services (*e.g.*, co-pay, coinsurance, and/or deductible). No response is required for the legal assertions in paragraph 10 of the Counterclaim. In all other respects, Aetna denies the allegations in paragraph 10 of the Counterclaim.

11.     No response is required for legal assertions contained in paragraph 11 of the Counterclaim. To the extent the allegations in paragraph 11 of the Counterclaim refer to the knowledge, conduct or actions of others, Aetna is generally without knowledge or information sufficient to form a belief as to the truth of the those allegations. Aetna denies that Humble does not waive the patients' financial portion. In all other respects, Aetna denies the allegations in paragraph 11 of the Counterclaim.

12.     Aetna denies the allegations in paragraph 12 of the Counterclaim. To the contrary, Aetna paid Humble in accordance with the terms of the relevant plans. Furthermore, Aetna is under no contractual or statutory duty to pay the claims promptly as the Texas Prompt Pay Act is inapplicable here because Humble is an out-of-network provider and has no contract with Aetna. In addition, the Texas Prompt Pay Act does not apply to self-funded plans.

13.     Aetna denies the allegations in paragraph 13 of the Counterclaim.

14.     Aetna denies the allegations in paragraph 14 of the Counterclaim.

15.     Aetna denies the allegations in paragraph 15 of the Counterclaim.

16.     Aetna denies the allegations in paragraph 16 of the Counterclaim.

HOU:3662153.1

17.     No response is required for legal assertions contained in paragraph 17 of the Counterclaim. Aetna denies that it is the "plan administrator," and, in all other respects, Aetna denies the allegations in paragraph 17 of the Counterclaim.

18.     No response is required for legal assertions contained in paragraph 18 of the Counterclaim. With respect to the allegations in paragraph 18 of the Counterclaim, Aetna admits that it has entered into administrative services agreements with certain self-funded plan sponsors. The plans define Aetna's responsibilities, the terms of which speak for themselves. In all other respects, Aetna denies the allegations in paragraph 18 of the Counterclaim.

19.     No response is required for the legal assertions contained in paragraph 19 of the Counterclaim. Aetna admits that it has entered into administrative services agreements with certain self-funded plan sponsors. The plans define Aetna's responsibilities, the terms of which speak for themselves. In all other respects, Aetna denies the allegations in paragraph 19 of the Counterclaim.

20.     With respect to the allegations in paragraph 20 of the Counterclaim, Aetna admits that it has entered into administrative services agreements with certain self-funded plan sponsors. The plans define Aetna's responsibilities, the terms of which speak for themselves. In all other respects, Aetna denies the allegations in paragraph 20 of the Counterclaim.

21.     No response is required for the legal assertions contained in paragraph 21 of the Counterclaim. In all other respects, Aetna denies the allegations in paragraph 21 of the Counterclaim. To the contrary, Aetna made its determination based on the information Humble provided, which was misleading, false, fraudulent, and failed to inform Aetna that Humble waived all or a substantial portion of the members' financial responsibility. Humble also failed to inform Aetna that it had entered into agreements with more than 100 physicians and their shell

4

practice groups, pursuant to which Humble paid the physicians through their shell practice groups thirty percent of the facility fee collected in exchange for their referral of their surgery patients to Humble. Humble's actions were in violation of Texas law and constituted a fraud upon Aetna.

22.     No response is required for the legal assertions contained in paragraph 22 of the Counterclaim. Aetna denies that it owes Humble any fiduciary duty and, in all other respects, denies the allegations in paragraph 22 of the Counterclaim.

23.     Aetna denies the allegations in paragraph 23 of the Counterclaim and specifically denies that it owed Humble any duty to provide copies of plan documents.

24.     Aetna denies the allegations in paragraph 24 of the Counterclaim.

25.     No response is required for the legal assertions contained in paragraph 25 of the Counterclaim.  Aetna specifically denies that it owed Humble any duty to provide copies of plan documents and denies the remaining allegations of paragraph 25 of the Counterclaim.

26.     No response is required for the legal assertions contained in paragraph 26 of the Counterclaim. Aetna specifically denies that it failed to provide copies of plan documents and associated documents requested, if any, and denies that it owed Humble any duty to provide copies of plan document and associated documents under 29 U.S.C. § 1132(c)(1). In all other respects, Aetna denies the allegations contained in paragraph 26 of the Counterclaim.

27.     To the extent the allegations in paragraph 27 of the Counterclaim refer to the knowledge, conduct, or actions of others, Aetna is generally without knowledge or information sufficient to form a belief about the truth of those allegations and, on that basis, denies those allegations. In all other respects, Aetna denies the allegations in paragraph 27 of the Counterclaim and specifically denies that Aetna violated any protective order. To the contrary,

this Court lifted the confidentiality designations of the protective order because Humble abused

the protective order for more than a year. *See* Order on Protection (Dkt. 255).

28.     No response is required for the legal assertions contained in paragraph 28 of the

Counterclaim. In all other respects, Aetna denies the allegations in paragraph 28 of the

Counterclaim.

29.     Aetna admits that it took steps to inform plan members that it would terminate

payment to Humble for claims submitted on or after October 25, 2013. In all other respects,

Aetna denies the allegations in paragraph 29 of the Counterclaim.

30.     Aetna admits that it took steps to inform plan members that it would terminate

payment to Humble for claims submitted on or after October 25, 2013. To the extent the

allegations in paragraph 30 of the Counterclaim refer to the knowledge, conduct, or actions of

others, Aetna is generally without knowledge or information sufficient to form a belief about the

truth of those allegations and, on that basis, denies those allegations. In all other respects, Aetna

denies the allegations in paragraph 30 of the Counterclaim.

31.     To the extent the allegations in paragraph 31 of the Counterclaim refer to the

knowledge, conduct, or actions of others, Aetna is generally without knowledge or information

sufficient to form a belief about the truth of those allegations and, on that basis, denies those

allegations. Aetna denies that its communications are misleading or false and, in all other

respects, Aetna denies the allegations in paragraph 31 of the Counterclaim.

32.     No response is required for the legal assertions contained in paragraph 32 of the

Counterclaim. To the extent the allegations in paragraph 32 of the Counterclaim refer to the

knowledge, conduct, or actions of others, Aetna is generally without knowledge or information

sufficient to form a belief about the truth of those allegations and, on that basis, denies those

allegations. Aetna denies that its communications are misleading or false and, in all other respects, Aetna denies the allegations in paragraph 32 of the Counterclaim.

33.     To the extent the allegations in paragraph 33 of the Counterclaim refer to the knowledge, conduct, or actions of others, Aetna is generally without knowledge or information sufficient to form a belief about the truth of those allegations and, on that basis, denies those allegations. Aetna denies that it wrongfully terminates its agreements with physicians and, in all other respects, Aetna denies the allegations in paragraph 33 of the Counterclaim.

34.     With respect to the allegations in paragraph 34 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 33 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 34 of the Counterclaim.

35.     No response is required for the legal assertions contained in paragraph 35 of the Counterclaim. Aetna specifically denies that Humble is a beneficiary under ERISA and denies that Humble is entitled to any relief requested in paragraph 35 of the Counterclaim. In all other respects, Aetna denies the remaining allegations in paragraph 35 of the Counterclaim. To the contrary, Aetna made its determination based on the information Humble provided, which was misleading, false, fraudulent, and failed to inform Aetna that Humble waived all or a substantial portion of the members' financial responsibility. Humble also failed to inform Aetna that it had entered into agreements with more than 100 physicians and their shell practice groups, pursuant to which Humble paid the physicians through their shell practice groups thirty percent of the facility fee collected in exchange for their referral of their surgery patients to Humble. Humble's actions were in violation of Texas law and constituted a fraud upon Aetna.

36.     No response is required for the legal assertions contained in paragraph 36 of the Counterclaim. Aetna specifically denies that it owes Humble any fiduciary duty and denies that

HOU:3662153.1

Humble is a beneficiary under ERISA. In all other respects, Aetna denies the remaining allegations in paragraph 36 of the Counterclaim.

37.     Aetna denies the allegations in paragraph 37 of the Counterclaim. To the contrary, Aetna made its determination based on the information Humble provided, which was misleading, false, fraudulent, and failed to inform Aetna that Humble waived all or a substantial portion of the members' financial responsibility. Humble also failed to inform Aetna that it had entered into agreements with more than 100 physicians and their shell practice groups, pursuant to which Humble paid the physicians through their shell practice groups thirty percent of the facility fee collected in exchange for their referral of their surgery patients to Humble. Humble's actions were in violation of Texas law and constituted a fraud upon Aetna.

38.     Aetna denies the allegations in paragraph 38 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

39.     With respect to the allegations in paragraph 39 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 38 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 39 of the Counterclaim.

40.     Aetna denies that it owed Humble any fiduciary duty. In all other respects, Aetna denies the allegations in paragraph 40 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

41.     No response is required for the legal assertions contained in paragraph 41 of the Counterclaim. Aetna denies that it owed Humble any fiduciary duty and, in all other respects, Aetna denies the allegations in paragraph 41 of the Counterclaim.

42.     No response is required for the legal assertions contained in paragraph 42 of the Counterclaim. Aetna denies that it owed Humble any fiduciary duty and, in all other respects,

HOU:3662153.1

Aetna denies the allegations contained in paragraph 42 of the Counterclaim. To the contrary, Aetna made its determination based on the information Humble provided, which was misleading, false, fraudulent, and failed to inform Aetna that Humble waived all or a substantial portion of the members' financial responsibility. Humble also failed to inform Aetna that it had entered into agreements with more than 100 physicians and their shell practice groups, pursuant to which Humble paid the physicians through their shell practice groups thirty percent of the facility fee collected in exchange for their referral of their surgery patients to Humble. Humble's actions were in violation of Texas law and constituted a fraud upon Aetna.

43.     No response is required for the legal assertions contained in paragraph 43 of the Counterclaim. Aetna denies that it owes Humble any fiduciary duty and, in all other respects, Aetna denies the allegations contained in paragraph 43 of the Counterclaim.

44.     Aetna denies that it owes Humble any fiduciary duty and, in all other respects, Aetna denies the allegations contained in paragraph 44 of the Counterclaim.

45.     No response is required for the legal assertions contained in paragraph 45 of the Counterclaim. Aetna denies that it owes Humble any fiduciary duty and, in all other respects, Aetna denies the allegations contained in paragraph 45 of the Counterclaim.

46.     No response is required for the legal assertions contained in paragraph 46 of the Counterclaim. Aetna denies that it owes Humble any fiduciary duty and, in all other respects, Aetna denies the allegations contained in paragraph 46 of the Counterclaim.

47.     Aetna denies the allegations in paragraph 47 of the Counterclaim and specifically denies that it owed Humble any fiduciary duty and denies that Humble is entitled to any relief requested therein.

HOU:3662153.1

48.     Aetna denies the allegations in paragraph 48 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

49.     With respect to the allegations in paragraph 49 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 48 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 49 of the Counterclaim.

50.     No response is required for the legal assertions contained in paragraph 50 of the Counterclaim. In all other respects, Aetna denies the allegations in paragraph 50 of the Counterclaim and specifically denies that Aetna is the plan administrator and that Humble is entitled to any relief requested therein.

51.     No response is required for the legal assertions contained in paragraph 51 of the Counterclaim. In all other respects, Aetna denies the allegations in paragraph 51 of the Counterclaim.

52.     Aetna denies the allegations in paragraph 52 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

53.     With respect to the allegations in paragraph 53 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 52 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 53 of the Counterclaim.

54.     With respect to the allegations in paragraph 54 of the Counterclaim, Aetna admits that it has entered into administrative services agreements with certain self-funded plan sponsors. The plans define Aetna's responsibilities, the terms of which speak for themselves. In all other respects, Aetna denies the allegations in paragraph 54 of the Counterclaim.

55.     No response is required for the legal assertions contained in paragraph 55 of the Counterclaim. In all other respects, Aetna denies the allegations in paragraph 55 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

56.     Aetna denies the allegations in paragraph 56 of the Counterclaim.

57.     Aetna denies the allegations in paragraph 57 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

58.     With respect to the allegations in paragraph 58 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 57 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 58 of the Counterclaim.

59.     No response is required for the legal assertions contained in paragraph 59 of the Counterclaim. Aetna denies that the Texas Prompt Pay Act applies to the claims at issue. Aetna further denies that the illegal boycott, act of coercion, or the unfair competition provisions of the Texas Insurance Code apply to the claims at issue. Aetna denies the remaining allegations in paragraph 59 of the Counterclaim.

60.     Aetna denies the allegations in paragraph 60 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

61.     With respect to the allegations in paragraph 61 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 60 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 61 of the Counterclaim.

62.     Aetna denies the allegations in paragraph 62 of the Counterclaim. Humble failed to disclose to Aetna that it did not collect the patients' financial portion of the billed charges. Consequently, under the plans, Aetna was not liable to Humble for the billed charges. Each time Humble agreed to accept the adjusted price as payment in full for its services, Humble

11

specifically acknowledged that payment of benefits, if any, was subject to all terms and conditions of the plans. The plans provide Aetna with the right to recover any overpayments. Therefore, any payment Aetna made to Humble is subject to Aetna's right to recover overpayments. In addition, Humble failed to inform Aetna that it had entered into agreements with more than 100 physicians and their shell practice groups, pursuant to which Humble paid the physicians through their shell practice groups thirty percent of the facility fee collected in exchange for their referral of their surgery patients to Humble. Humble's actions were in violation of Texas law and constituted a fraud upon Aetna.

63.     With respect to the allegations in paragraph 63 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 62 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 63 of the Counterclaim.

64.     No response is required for the legal assertions contained in paragraph 64 of the Counterclaim. Aetna denies that it failed to provide copies of documents requested, if any, and denies that it owed Humble any duty to provide copies of plan document and associated documents under 29 U.S.C. § 1132(c). In all other respects, Aetna denies the allegations contained in paragraph 64 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

65.     With respect to the allegations in paragraph 65 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 64 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 65 of the Counterclaim.

66.     Humble's Counterclaim skips paragraph 66 and no response is required.

67.     Aetna denies the allegations in paragraph 67 of the Counterclaim.

HOU:3662153.1

68.     Aetna admits that it took steps to inform plan members that it would terminate payment to Humble for claims submitted on or after October 25, 2013. To the extent the allegations in paragraph 68 of the Counterclaim are nonsensical, Aetna is unable to admit or deny, and on that basis, denies the allegations therein. Aetna admits that Humble's actions forming the basis of Aetna lawsuit are unethical and illegal. In all other respects, Aetna denies the allegations in paragraph 68 of the Counterclaim and specifically denies that any statements made by Aetna were false.

69.     Aetna denies the allegations in paragraph 69 of the Counterclaim and specifically denies that any statements Aetna made were false.

70.     Aetna denies the allegations in paragraph 70 of the Counterclaim.

71.     No response is required for the legal assertions contained in paragraph 71 of the Counterclaim. In all other respects, Aetna denies the allegations in paragraph 71 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

72.     With respect to the allegations in paragraph 72 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 71 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 72 of the Counterclaim.

73.     Aetna denies the allegations in paragraph 73 of the Counterclaim and specifically denies that it published any misrepresentations or false statements.

74.     Aetna denies the allegations in paragraph 74 of the Counterclaim and specifically denies that it published any misrepresentations or false statements.

75.     To the extent the allegations in paragraph 75 of the Counterclaim are nonsensical, Aetna is unable to admit or deny, and on that basis, denies the allegations therein. In all other

respects, Aetna denies the allegations in paragraph 75 of the Counterclaim and specifically denies that any statements Aetna made were false.

76.     Aetna denies the allegations in paragraph 76 of the Counterclaim and specifically denies that any statements Aetna made were false.

77.     No response is required for the legal assertions contained in paragraph 77 of the Counterclaim. In all other respects, Aetna denies the allegations in paragraph 77 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

78.     With respect to the allegations in paragraph 78 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 77 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 78 of the Counterclaim.

79.     To the extent the allegations in paragraph 79 of the Counterclaim refer to the knowledge, conduct, or actions of others, Aetna is generally without knowledge or information sufficient to form a belief about the truth of those allegations and, on that basis, denies those allegations. In all other respects, Aetna denies the allegations in paragraph 79 of the Counterclaim and specifically denies that Humble is entitled to any relief requested therein.

80.     No response is required for the legal assertions contained in paragraph 80 of the Counterclaim. To the extent the allegations in paragraph 80 of the Counterclaim refer to the knowledge, conduct, or actions of others, Aetna is generally without knowledge or information sufficient to form a belief about the truth of those allegations and, on that basis, denies those allegations. In all other respects, Aetna denies the allegations in paragraph 80 of the Counterclaim and specifically denies that any statements made by Aetna with respect to Humble were false and defamatory and denies that Humble is entitled to any relief requested therein.

HOU:3662153.1

81.     With respect to the allegations in paragraph 81 of the Counterclaim, Aetna incorporates its responses to paragraphs 1 through 80 of the Counterclaim as if fully set forth herein. In all other respects, Aetna denies the allegations in paragraph 81 of the Counterclaim.

82.     No response is required for the legal assertions contained in paragraph 82 of the Counterclaim. Aetna denies that Chapter 37 of the Tex. Civ. Prac. & Rem. Code is applicable. Aetna denies the remaining allegations contained in paragraph 82 of the Counterclaim and denies that Humble is entitled to any of the relief requested in that paragraph and its subparts.

83.     Aetna denies that Chapter 37 of the Tex. Civ. Prac. & Rem. Code, 28 U.S.C. § 201, and 29 U.S.C. § 1132 are applicable. Aetna denies the remaining allegations paragraph 83 of the Counterclaim and further denies that Humble is entitled to any attorneys' fees in this case.

84.     Aetna denies that Humble is entitled to any of the relief requested in paragraph 84 of the Counterclaim.

85.     To the extent any headings or unnumbered paragraphs of the Counterclaim are construed to be allegations, they are denied.

86.     All factual allegations of the Counterclaim not specifically admitted above are denied.

## II. AFFIRMATIVE DEFENSES

1.     Humble's Counterclaim seeks benefits from Aetna pursuant to employee welfare benefit plans governed by ERISA. Any state law claims that Humble asserts related to such plans are preempted by ERISA.

2.     Humble's remedies for any alleged acts or omissions are limited to those afforded by ERISA, as Humble's claims are governed by ERISA.

3.     Any decisions that Aetna made regarding Humble's claims for assigned benefits were not an abuse of discretion.

HOU:3662153.1

4.    Any decisions that Aetna made regarding Humble's claims for assigned benefits were not arbitrary or capricious.

5.    Any benefit determinations that Aetna made with respect to Humble's claims for benefits were proper and correct under the terms of the various health care plans at issue.

6.    Any benefit determinations that Aetna made with respect to Humble's claims for benefits were legally correct under the terms of the various health care plans at issue.

7.    Any benefit determinations that Aetna made with respect to Humble's claims for benefits were based on substantial evidence.

8.    Humble's claims fail to the extent that Humble failed to submit proof of covered services.

9.    Humble cannot recover upon its claims against Aetna to the extent that any services and supplies claimed were not covered under the terms of the patients' health plan. Nor can Humble recover to the extent the services were not medically necessary, were experimental or investigational, were to treat a pre-existing condition, were incidental to other charges, and/or were not pre-authorized or pre-certified to the extent required by the respective benefit plan. Nor are Humble's charges covered to the extent that any maximum benefits or other benefit limitations under the terms of the respective plans had been met.

10.   In the alternative, Humble's charges are not covered to the extent that they exceeded usual, customary, and/or reasonable charges, or the prevailing fees or recognized charges, under the terms of the respective plans.

11.   Humble's medical claims are not covered under the plans to the extent that the patients were not eligible members covered under the terms of the plans at the time that the services at issue were rendered.

HOU:3662153.1

12. Humble was not entitled to payment for the claims it submitted to Aetna because it breached the warranties made in connection with the claims.

13. Aetna was relieved from any obligation to pay Humble under the terms of the various health care plans because Aetna is not liable for charges which the member is not obligated to pay, is not billed, or would not have been billed except that the member was covered under an Aetna plan.

14. Aetna was relieved from any obligation to pay Humble under Texas law because Humble violated §1204.055 of the Texas Insurance Code when it waived the copayment or deductible of Aetna members in exchange for the acceptance of the assignment of their claims.

15. Humble entered purported Use Agreements with more than 100 physicians and their practice groups pursuant to which Humble and the referring physicians agreed to split the hospital's facility fees in exchange for the physicians' referral of their surgery patients to Humble. Aetna was relieved from any obligation to pay Humble because Humble was prohibited under Texas law from accepting or paying fees in exchange for patient referrals.  *See, e.g.*, TEX. OCC. CODE §§ 102.001 (soliciting patients), 102.006 (failure to disclose), 165.155 (physicians' solicitation of patients); TEX. PENAL CODE § 32.43 (commercial bribery).

16. In the alternative, Humble entered into more than 100 Use Agreements pursuant to which Humble purported to assign its hospital license to the referring physicians and their practice groups. Aetna was relieved from any obligation to pay Humble because Humble was prohibited under Texas law from assigning its license to another entity or person. *See, e.g.,* 25 TEX. ADMIN. CODE §§ 133.21(c)(1), (f) ("A hospital license shall not be transferred or assigned."); *see also* TEX. HEALTH & SAFETY CODE § 241.0023(f) ("A license may not be transferred or assigned without the written approval of the department.").  The physicians who

17

entered the Use Agreements with Humble are performing the exact same services they would perform if there were no agreement with Humble to "use" its facility. Thus, the physicians are entitled to a professional fee for covered services and are not entitled to facility fees for their services. Besides the fact that they are not licensed as a hospital, the physician's practice groups are shell entities that perform no services at all that would entitle them to bill for facility fees. In addition, the physician practice group entities do not bill for the services. Humble's billing agent bills for the services and remits payment to the physicians for the referral of their patients through a bank account in the name of the physician's shell practice group entity.

17.     Humble cannot recover under TEX. INS. CODE §§ 542.058, 541.003, and 541.054 because the claim is dependent on the rights of the beneficiaries under ERISA and is preempted.

18.     Humble's damages, if any are proved, should be reduced by the amount attributable to Humble's failure to mitigate damages.

19.     On information and belief, Humble's claims against Aetna are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, applicable limitations periods, illegality, and/or unclean hands.

20.     Humble failed to perform all conditions necessary to recover from Aetna in this lawsuit.

21.     Humble's reliance, if any, was neither reasonable, substantial, detrimental, nor foreseeable.

22.     Humble's damages, if any are proved, should be offset by the amount of any overpayments that Aetna made to Humble.

23.     Humble's claims are barred to the extent any of the administrative remedies provided for in the plans at issue were not exhausted.

24.     Humble's claims are barred by the doctrine of payment.

25.     Humble's claims for prompt pay penalties and interest fail because Humble has no contract with Aetna.

26.     Humble cannot recover upon its claims submitted to Aetna to the extent such claims were not clean claims and/or not timely submitted or appealed.

27.     Humble's claims for prompt pay penalties and interest fail to the extent they are based on claims submitted under self-funded plans and/or governmental plans.

28.     Humble's claims for prompt pay penalties and interest fail to the extent they are based on claims for non-emergent medical services.

29.     Humble's claims fail due to lack of standing.

30.     Humble fails to state a claim for which relief may be granted.

31.     The culpable conduct of the Humble or third parties or instrumentalities over whom Aetna had no right or control, caused in whole or part, any damages that Humble allegedly sustained, if any be proved, and, therefore, the amount of any damages Humble may otherwise recover against Aetna should be extinguished or reduced in comparative proportion to the culpable conduct of Humble or any other third parties.

32.     Humble's claims for relief for assigned medical benefits fail because (i) Texas law prohibits the practice of remunerating out-of-network patients; (ii) Humble is not entitled to be paid for treating patients under its so-called "prompt pay discount" agreements that are void for illegality; and (iii) Humble is not entitled to use the assignments of benefits to be paid because they were obtained by illegal means.

33.     Damages allegedly sustained by Humble, if any be proved, were caused in whole or in part by Humble's own acts and omissions.

HOU:3662153.1

34.     Aetna reserves the right to amend or supplement its affirmative defenses as it obtains additional information through discovery or otherwise.

### III. PRAYER

Plaintiff Aetna Life Insurance Company prays that upon final trial or hearing it be awarded judgment; that the Defendant Humble Surgical Hospital, LLC take nothing on its claims; that Plaintiff be awarded its costs of court and attorneys' fees; and for such other and further relief to which it may be justly entitled.

By: */s/ John B. Shely*
      **JOHN B. SHELY**
      State Bar No. 18215300
      Southern District No. 7544
      **LAURA TRENAMAN**
      State Bar No. 00798553
      Southern District No. 23815
      **BRIAN PIDCOCK**
      State Bar No. 24074895
      Southern District No. 1654553
      600 Travis, Suite 4200
      Houston, Texas 77002
      (713) 220-4105 (JBS)
      **ANDREWS KURTH LLP**

      **ATTORNEYS FOR PLAINTIFF AETNA LIFE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

ROBERT H. BATEMAN
*rhb@bpattorneys.com*

ADAM B. CHAMBERS
*abc@bpattorneys.com*

/s/ *John B. Shely*
John B. Shely