IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AETNA LIFE INSURANCE CO., §<br>    *Plaintiff,* §<br>§<br>§<br>vs. §<br>§<br>HUMBLE SURGICAL HOSPITAL, §<br>LLC, §<br>    *Defendant.* § | CIVIL ACTION NO. 4:12-CV-1206<br>JURY DEMANDED |

### DEFENDANT, HUMBLE SURGICAL HOSPITAL, LLC'S, AMENDED ANSWER TO PLAINTIFF'S ORIGIAL COMPLAINT

Defendant, Humble Surgical Hospital, LLC ("HSH"), files this First Amended Answer to Plaintiff, Aetna Life Insurance Company's ("Aetna") Original Complaint, subject to and reserving all rights to the Court's Denial of its Motion to Compel Arbitration [dkt. 18], and would respectfully show as follows:

### I.     PARTIES

1.     HSH admits as true the averments in this paragraph upon information and belief.

2.     Admitted.

### II.     JURISDICTION AND VENUE

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

### III.     FACTUAL BACKGROUND

7.     HSH admits the characterization of the Plaintiff's claims is an accurate description.  HSH admits that it is a surgical hospital owned and operated by Humble Surgical Hospital, LLC and its member's physicians, and that it is not contracted with Aetna. HSH denies the remaining averments in this paragraph.

8.     HSH admits that it is owned in part by physicians who offer medical services to their patients at HSH and that it charges for its services.  HSH denies the remaining averments in this paragraph. HSH charges appropriate rates for the medial treatment it provides. The physicians treating their patients at HSH do so consistently with the medical and ethical obligations owed their patients.

9.     HSH admits that the rates it charges may differ from the rates in-network hospitals negotiate with Aetna.  Physicians treating their patients at HSH provide their patients with the best quality medical care possible, delivered in a timely and efficient manner.  HSH denies the remainder of the paragraph to the extent that it implies that the listed procedures, or any of the procedures performed by HSH, constitute an abuse of the Aetna members or Aetna.

10.     HSH admits as true that it is not an in-network hospital contacted with Aetna. HSH denies the remaining averments in this paragraph.

11. HSH admits as true that "out-of-network" hospitals may bill more than an in-network hospital contracted with Aetna, but HSH's paid charges are often comparable with other hospitals in the same geographic area. HSH also admits that the out-of-pocket costs to a patient receiving treatment at an out-of-network hospital may be higher than at an in-network hospital. HSH denies the remaining averments in this paragraph.

12. HSH denies any sidebar "deals" were made with the patients to waive patient out-of-pocket costs as an inducement to choose Humble Surgical Hospital. Humble Surgical Hospital lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

13. HSH denies Aetna's entitlement to relief.

## The Health Care Benefits Provided by Aetna

14. HSH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

15. HSH accepts Aetna's characterization of its business and on that basis admits as true that Aetna provides benefit plans and insurance coverage to its insureds, which provide covered benefits for in-network and out-of-network services rendered by nonparticipating hospitals such as HSH. HSH further admits that it seeks payment on behalf of Aetna's insureds for services rendered to those patients by HSH. HSH

denies that it "gouge[s]" Aetna or otherwise abuses "the system." HSH otherwise denies the remaining averments in this paragraph.

### In-Network Benefits by Participating Providers

16.     HSH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

17.     HSH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph.

18.     HSH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

19.     HSH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

### Out-of-Network Benefits By Non-Participating Providers

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

### HSH's Submission of False Health Insurance Claims to Aetna

24.     HSH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

25. Denied.

26. Denied.

27. Denied, except that it is admitted that HSH is paid only "the fair value of its services" and it is further admitted that "in various instances," Aetna has knowingly paid, on behalf of its members, the HSH charges that are now allegedly at issue.

28. HSH admits that it submitted health insurance benefit claims to Aetna on behalf of patients/insureds treated by physicians at HSH. HSH denies the truth of the remaining averments in this paragraph.

## Other Violations of Texas Statutory Law

29. Denied.

### i. Violations of Texas Occupations Code §101.203

30. HSH admits that Aetna has accurately quoted excerpts of various provisions of Texas statutes.

31. Denied.

32. Denied.

### ii. Violations of Texas Occupations Code §102.006

33. HSH admits that Aetna has summarized one provision of the Texas Occupations Code.

34. Denied.

### *iii. Violations of Texas Occupations Code §105.002*

35. HSH admits that Aetna has summarized one provision of the Texas Occupations Code.

36. HSH admits that it bills Aetna for claims for benefits under Aetna-insured and employer-funded health care plans. HSH denies the remaining averments in this paragraph.

### *iv. Violations of Texas Insurance Code §552.003*

37. HSH admits that Aetna has summarized one provision in the Texas Insurance Code.

38. Denied.

## Violations of Ethical Standards

39. Denied.

### *i. Violations of Medical Ethics of the American Medical Association*

40. HSH admits as true the averments in this paragraph to the extent that it represents Aetna's understanding of the AMA's purported position concerning business arrangements among physicians in the health care marketplace.

41. HSH admits that HSH is partially-owned by physicians who refer patients for treatment at HSH, after full and proper disclosure of the physician's status as a part-

owner. HSH further admits that the physician-owner would share in some of the profits, if any, generated by HSH. All remaining averments are denied.

### ii. *Violations of Medical Ethics of the Texas Medical Association*

42.     HSH admits the averments in this paragraph to the extent that it represents Aetna's understanding of the TMA's purported position concerning out-of-network referrals and potential conflicts of interest.

43.     HSH admits that HSH is partially-owned by physicians who refer patients for treatment at HSH, after full and proper disclosure of the physician's status as a part-owner. HSH further admits that the physician-owner would share in some of the profits, if any, generated by such treatment. All remaining averments are denied.

## IV.     CLAIMS FOR RELIEF

### A.     First Cause of Action—Common Law Fraud

44.     HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50. HSH denies Aetna's entitlement to the relief sought.

**B.     Second Cause of Action—Money Had and Received**

51. HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

52. Denied.

**C.     Third Cause of Action—Unjust Enrichment**

53. HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

54. Denied.

55. HSH denies Aetna's entitlement to the relief sought.

**D.     Fourth Cause of Action—Tortious Interference with Patient Contracts**

56. HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

57. HSH accepts Aetna's characterization of its complaint and on that basis admits as true the averments in this paragraph, except that it lacks sufficient information regarding the last sentence and therefore denies these allegations.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. HSH denies Aetna's entitlement to the relief sought.

E. **Fifth Cause of Action—Injunctive Relief**

64. HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

65. Denied.

66. HSH denies Aetna's entitlement to the relief sought.

F. **Sixth Cause of Action—Declaratory Judgment (State Law)**

67. HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

68. HSH denies Aetna's entitlement to the relief sought.

## V.     EXEMPLARY DAMAGES

69. HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

70. Denied.

71. HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

## VI.    EQUITABLE RELIEF (ERISA)

72. This paragraph is a legal conclusion rather than factual allegations; therefore, HSH is not required to admit or deny this paragraph. If a response is deemed necessary, the allegations in this paragraph are denied.

73. Admitted.

74. Denied.

75. HSH denies Aetna's entitlement to the relief sought.

76. HSH denies Aetna's entitlement to the relief sought.

## VII.    ATTORNEY'S FEES

77. HSH adopts each and every response in the foregoing paragraphs as if fully set forth herein.

78. HSH denies Aetna's entitlement to the relief sought.

## VIII.    CONDITIONS PRECEDENT

79. HSH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## IX.    JURY DEMAND

80. Admitted.

## X.   AFFIRMATIVE DEFNSES

81.   Aetna's claims should be dismissed and, if viable, pursued in arbitration because they arise out of Aetna's Specialist Physician Agreements with physician-owners of HSH which contain a mandatory arbitration clause and for which this dispute is currently being arbitrated as to two of those physician-owners of HSH. Additionally, Aetna's agreements with its insured, which are at issue here, also contain mandatory arbitration clauses.

82.   Some or all of Aetna's claims are barred or defeated because Aetna's claims concerning HSH's acceptance of Aetna's payment of benefits are barred by waiver, payment, release, acquiescence, estoppel, conduct and performance, ratification, laches, unclean hands, limitation of liability and/or accord and satisfaction.  Aetna and its agent for claims processing, Global Claim Services (GCS), an Aetna agent or subsidiary, engaged in extensive and prolonged negotiations with HSH, often over the course of several months, on the reasonable amount due on the claims now subject to this lawsuit.  An appropriate amount was agreed upon by Global Claim Services on behalf of Aetna, and was paid by Aetna to HSH to that negotiated agreement.  Aetna paid HSH's disputed claims with knowledge of the facts and circumstances of each claim.

83.   Some or all of Aetna's claims are barred or defeated by Aetna's own conduct, failure to act in a commercially-reasonable manner, and failure to mitigate damages.

Aetna failed to object within a reasonable time after it knew or should have known of the acts or conditions from which it now claims it has suffered damages.

84. Some or all of Aetna's claims are preempted by ERISA. ERISA preempts Aetna's state-law claims for fraud, money had and received, unjust enrichment, tortious interference, and declaratory judgment to the extent those claims "relate to" and *ERISA plan. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990).*

85. Aetna's claims are barred by the doctrines of collateral estoppel, res judicata, claim preclusion, issue preclusion and judicial estoppel.  Specifically, in Cause No. 4:13-cv-3291; *Connecticut General Life Ins. Co., et al. v. Humble Surgical Hospital, LLC*; in the United States District Court for the Southern District of Texas, Houston Division, after a trial on the merits, the Court held that Cigna's claims, which are factually and legally identical to the claims Aetna brings in this suit, are legally and factually unfounded.  A substantially similar result was also reached in Cause No. 4:15-cv-00491; *Aetna Life Ins. Co. v. Behar, et al.*; in the United States District Court for the Northern District of Texas, Houston Division.  Therefore, the Defendants are entitled to the relief of issue preclusion, claim preclusion, collateral estoppel, judicial estoppel and res judicata.  These affirmative defenses apply not only to defeat liability for the claims alleged against HSH; rather, they also apply to entitle HSH to judgment as a matter of law for their affirmative claims against Aetna as well.

86.     Aetna lacks standing to allege claims against the Defendants for alleged violations of the Texas Occupations Code, the Texas Insurance Code, the American Medical Association's Code of Ethics, and the Texas Medical Association's Code of Ethics.  Further, these codes and statutes do not provide Aetna with a private cause of action against HSH.  Additionally, to the extent that Aetna has or will argue that it is not a third-party administrator for some of the plans at issue in this case, it lacks standing to bring claims on behalf of these plans as well.

87.     Aetna's claims are barred by the doctrine of voluntary payment.  After getting full knowledge of the facts and circumstances surrounding the provision of services, Aetna, or agents with authority to act on behalf of Aetna, voluntarily paid the cases at issue in this suit.  Therefore, Aetna's claims are barred by their voluntary payment.

## XI.     PRAYER FOR RELIEF

WHEREFORE, HSH respectfully requests and prays for Judgment:

1.     That all relief sought herein by Aetna be denied;

2.     That Aetna's action be dismissed and that Aetna is compelled to arbitrate all its claims against HSH; and

3.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

BATEMAN | PUGH | CHAMBERS, PLLC

By:   */s/ Robert H. Bateman*
    ROBERT H. BATEMAN
    SBOT# 01899500, FBN: 7171
    rhb@bpattorneys.com
    ADAM B. CHAMBERS
    SBOT# 24036345, FBN: 602418
    abc@bpattorneys.com
    1811 Bering Drive, Suite 420
    Houston, Texas 77057
    Phone: (713) 609-7732
    Fax: (713) 609-7777
    ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed and sent to all counsel of record by hand delivery, facsimile, and/or by certified mail, return receipt requested on the 1st day of July, 2016.

***Via Facsimile: (713) 220-4285***
Mr. John B. Shely
ANDREWS KURTH, LLP
600 Travis, Suite 4200
Houston, TX 77002
***Attorneys for Plaintiff***

                                              */s/ Robert H. Bateman*
                                              ROBERT H. BATEMAN